Judge Hise
delivered the opinion of the Court.
On the 15th day of March, 1649, Dinwiddie executed and delivered a deed of trust to McBride and Maxev, trustees, conveying to them a house and lot, subject to two prior mortgages, and assigning to them a debt due from McDavid, for $1600, ip trust, that the proceeds arising from the sale of the property and the amount due from McDavid when collected, should constitute a fund to be applied, so far as it would go, to the payment of all his debts, giving no preference to any one creditor or class of creditors. The note on McDavid for the said sum of $1600, was given in consideration of the purchase by him .from Dinwiddie of four slaves, which had been a short time before the date of the deed of trust, taken from Louisville to Warren county, and sold to McDavid. The complainants, as judgment creditors, brought this suit in chancery against Dinwid-die, McDavid, tb(e said trustees, and all the creditors named in the deed of trust, and against other parties, charging that the deed to the trustees and the sale of the slaves to McDavid, were pretended and fraudulent, and made to cheat, hinder, and delay Dinwiddie’s creditors. The defendants interested, all answer and deny the charge of fraud, and demand that the trust deed should be enforced, and the trust fund applied pro rata to the payment of their various claims, including the demands of complainants themselves, which were also provided for in said deed.
The Circuit Court directed that the amount of the several demands of the'creditors should be ascertained, including complainants, by its commissioner. That the *209 debt due from McDavid should be paid, and that part of the fund to be distributed pro rata, and that the trust estate should be sold on failure of Dinwiddie to pay the^creditors by a day given. And finally a decree was rendered directing the sale of the trust property, and the distribution of the fund arising therefrom, first, to those creditors who held prior liens by mortgage, and afterwards to the other creditors, including complainants, pro rata, and adjudging the sale of the slaves to McDavid, and the deed of trust to McBride and Max-ey, to have been fair and not fraudulent.
A deed of trust made for the ben efit of all the creditors Of the grantor without giving preference to any ered itor or class of creditors — he 1 d not to be fraudulent.
Guthrie for appellants ; Fry and Page, Bridges, for appellees.
This Court after a careful examination of the pleadings and proof in the case, concur with the Court below in opinion as to the fairness and validity of those transactions. The issues of fraud or no fraud, as presented in the pleadings, between complainants and Baxter, and complainants and Hughes, in respect to the sales and conveyances of city property, made by Din-widdie to them in fraud of his creditors, as charged, seems not to have been noticed, determined, or in any way disposed of, by either of the preliminary orders or the final decree rendered in the case, in reference to the deed of trust. Though the causes are by a provision in the decree, retained for any further orders that may be necessary. There is no error perceived in the interlocutory order, or in the final decree as rendered, with respect to the trust fund and its distribution, and it is not for this Court now to intimate even, an opinion as to the final disposition which should be made of the collateral issues still pending and undetermined in the case.
Wherefore the decree is affirmed.